FILED
CLERK
4/30/2019 2:18 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHERROD BLANDING,

               Plaintiff,

   -against-                            **ORDER**
                                     17-CV-2599 (JMA) (AYS)

CORPORAL SIMPSON et al,

               Defendants.
--------------------------------------------------------X

**AZRACK, District Judge:**

On April 19, 2019 pro se plaintiff Sherrod Blanding commenced this action against Corporal Simpson, Corporal Imhof and Corporal Curatolo ("defendants.")

On June 20, 2017, counsel for defendants filed a letter requesting a pre-motion conference concerning a motion to dismiss. On August 17, 2017, plaintiff filed a letter stating he had no access to his legal mail and that he would be incarcerated until September 13, 2017. He requested an unspecified "extension." On September 20, 2017, plaintiff filed a motion to appoint counsel. That request was denied on March 31, 2018 and plaintiff was directed to respond to the defendants' pre-motion conference letter by May 1, 2018. A copy was mailed to the plaintiff at his address listed on the docket sheet. On April 20, 2018, counsel for defendants submitted a letter to the Court advising of the plaintiff's transfer to Coxsackie Correctional Facility. On April 25, 2018, the plaintiff filed a letter requesting "another extension of the following matter." On May 1, 2018 this Court granted plaintiff's request for an extension to July 1, 2018. A copy of the Order was mailed to plaintiff at his address on the docket sheet. No response was received from plaintiff.

On August 27, 2018 the Court issued an Order directing plaintiff to respond to the pre-motion letter by September 4, 2018. The plaintiff was warned that failure to respond may result

in dismissal of this action for failure to prosecute. The Clerk of Court was directed to mail a copy of the Order to plaintiff at Coxsackie Correctional Facility and to the address listed in plaintiff's April 25, 2018 letter. Plaintiff's April 25, 2018 letter indicated that upon his release on May 24, 2018, his mailing address would be 8 Bedell Street, Apt 2F, Hempstead, New York. Plaintiff did not file a formal Notice of Change of Address with the Court. Mail sent to the plaintiff at Coxsackie was returned to the Court on September 4, 2018, marked "Return to sender, unable to forward, released 5/24/18."

On September 10, 2018, the Court issued a second order directing plaintiff to respond to the pre-motion letter by September 24, 2018. Plaintiff was again warned that failure to respond may result in dismissal of this action for failure to prosecute. The Order was mailed to the plaintiff at Coxsackie Correctional Facility and the address in Hempstead, New York.

On September 24, 2018, the plaintiff filed a letter requesting an additional 30 days to "reply or answer to the Courts directions." The request was granted, and plaintiff was given until October 26, 2018 to respond. A copy of the Order was mailed to the plaintiff at his Hempstead address. Plaintiff did not respond.

On February 13, 2019, this Court issued a third Order directing plaintiff to respond to defendants' pre-motion letter by March 1, 2019. Plaintiff was again warned that failure to comply could result in dismissal of the case for failure to prosecute. A copy of the Order and defendants' pre-motion conference letter dated June 20, 2017 was mailed to plaintiff at his Hempstead address. To date, plaintiff has not responded to the pre-motion conference letter or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P.

41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiff has been afforded numerous extensions to respond to the defendants' pre-motion conference letter. Plaintiff has failed to respond to the letter and the Court's Orders. The Court warned plaintiff on at least three occasions that failure to respond could result in the dismissal of the case. Plaintiff's failure to comply with the Court's Order and his failure to prosecute this action constitute grounds for dismissal. Accordingly, plaintiff's complaint is dismissed, and the Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED.**

Dated: April 30, 2019
Central Islip, New York

                                              /s/ JMA
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE